On Application por Rehearing.
Blanchard, J.
Before this cause was submitted to the court for its decision the State failed to make any objection to the sufficiency of the transcript as sent up from the court below. No motion was filed suggesting a diminution or incompleteness of the record and invoking the writ of certiorari for correction of the same.
The only motion filed by the State was one to dismiss the appeal on the ground that the record presented no motion to quash, or for new trial, or in arrest of judgment, and no bills of exception to rulings of the court a qua.
The State thus acquiesced in the transcript sent up as showing the whole case as presented and tried below. Trial was had here on this-transcript and on the additional papers and briefs filed in the ease in this court. The motion to dismiss the appeal was found to be without merit, and on- the face of the record and the papers before us it was clear that the prescription of one year, brought to our attention in defendant’s assignment of error, must prevail. Accordingly, a decree was entered reversing the verdict and sentence and discharging the accused.
The State, in an application for. rehearing, suggests for the first time the incompleteness of the record upon which the case was tried here, advances this as grounds for rehearing, and asks that a writ of certiorari issue commanding the court below to send up a full and complete record of all proceedings had in the case there.
The allegation is' made that the true reeqrd would show the *1162 accused was informed against seasonably, and that the plea of prescription is therefore untenable. It is claimed that this is shown by a former bill of information filed within the year of the commission of the offence, which, while still pending, was substituted by the information upon which accused was tried, after which substitution there was entered a nol. pros, as to the original.
As a matter of sound practice, to which the State must be held as rigidly as parties accused are, we are constrained to hold that after a decision by this court on a case as presented, the prosecution can not be heard to set up as grounds for rehearing the incompleteness of the record.
Rehearing refused.